**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 0 2016

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

VICTORIA L. HAYNES,

     Plaintiff.

v.                  No.   *3:16-cv- 00252 DPm*

JACK WAGONER, III
and WAGONER LAW FIRM, P.A.

     Defendants.

This case assigned to District Judge ___*Marshall*___
and to Magistrate Judge_____*Harris*_____

---

## COMPLAINT FOR LEGAL MALPRACTICE

---

COMES NOW the Plaintiff, Victoria L. Haynes, by and through her attorneys of record, Bruce M. Smith of Apperson Crump, PLC, and files this her Complaint for Legal Malpractice, and in support thereof would state as follows:

### JURISDICTION AND VENUE

1. The Plaintiff, Victoria Haynes, (hereinafter "Plaintiff") is an adult resident of Shelby County, Tennessee.

2. At all pertinent times to this cause of action, Plaintiff was an adult resident of Shelby County, TN.

3. Plaintiff was a client of the Defendants in Pulaski County, Arkansas in the Eastern District of Arkansas when the events giving rise to this cause of action occurred.

4. Defendant, Wagoner Law Firm, P.A., is a professional association of attorneys with offices located at 1320 Brookwood Drive Little Rock, Arkansas 72202.

5. Defendant, Jack Wagoner is a licensed attorney practicing law in the State of Arkansas and doing business as Wagoner Law Firm, P.A., located at 1320 Brookwood Drive, Little

1

Rock, Arkansas 72202. Defendant is either the agent, servant, partner, or employee of the Defendant Wagoner Law Firm, P.A., and as such, the Defendant Wagoner Law Firm, P.A. is liable for all of the intentional and/or negligent acts and/or omissions of the individual, Jack Wagoner, under the doctrines of agency, master/servant, and/or respondeat superior, said doctrines being pled herein the same as if set forth verbatim.

6. Plaintiff received legal services from the Defendant at the offices of the Wagoner Law Firm, P.A. Specifically, Plaintiff engaged, by contract, the legal services of Jack Wagoner on December 30, 2011.

7. All of the wrongful and intentional acts alleged herein occurred within the jurisdiction of Pulaski County, Arkansas.

8. This case has been filed in a timely manner. Specifically, all legal malpractice claims have been filed within three (3) years of the accrual for the cause of action in accordance with Ark. Code. Ann §16-56-105.

9. This Court has diversity jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1332.  The amount in controversy, without interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

10. The causes of action alleged herein are based upon actions and activities that took place at all relevant times in Pulaski County, Arkansas, and therefore, this Court has proper jurisdiction over this matter.

11. Plaintiff would show that the Defendant was intentional in his conduct and actions as set forth more specifically herein. Furthermore, Plaintiff would show that the Defendant's intentional acts were both willful and wanton.

## FACTUAL BACKGROUND

12. On December 19, 2007, the Ms. Haynes and her now ex-husband, Benton Ned Bass entered into and executed a Postnuptial Agreement. Seven days later, on December 26, 2007, the Plaintiff, Victoria Haynes, filed a complaint for divorce from Benton Ned Bass in the Circuit Court of Garland County, Arkansas Docket No. DR-2007-1156-III. ("Divorce Proceedings").

13. Victoria Haynes signed a retainer agreement with Mr. Wagoner on December 30, 2011. Before Ms. Haynes decided to hire Mr. Wagoner, she disclosed information regarding her pending tumultuous litigation. At that time Mr. Wagoner made Ms. Haynes feel as if he were capable of managing such a large case.

14. On January 18, 2012, Jack Wagoner filed an entry of appearance as counsel for Ms. Haynes in the Divorce Proceedings. Mr. Wagoner, newly representing Ms. Haynes, obtained all of the information that Ms. Haynes has spent hundreds of thousands of dollars for her prior counsel to compile from December 2007 through December 2011. Said information is contained in the files Mr. Wagoner continues to maintain in his possession.

15. On February 4, 2013, Ms. Haynes terminated the attorney client relationship with Mr. Waggoner and his firm due to differences which arose with their relationship which caused Ms. Haynes to call into question Defendants' trustworthiness and ability to continue representing her.

16. On May 28, 2013, Ms. Haynes, *pro se*, filed a motion to compel Mr. Wagoner to release the client file to Ms. Haynes. Ms. Haynes requested via email and via telephone that Mr. Wagoner release his client file to her several times before filing her motion to compel in

divorce court.  Mr. Wagoner refused to give Ms. Haynes any of the documentation that he has in his possession.

17. Following the motion, Mr. Wagoner formally withdrew as counsel on July 16, 2013. Defendants then filed a Notice of Attorney Lien for on July 23, 2013. It is of note that Mr. Wagoner filed a statutory charging lien as per his retainer agreement.

18. Attorney Janie Evins filed an entry of appearance on behalf of Ms. Haynes on August 2, 2013, approximately six weeks before the divorce trial.

19. Having no access to Ms. Haynes' file that had been compiled over five (5) years by Ms. Haynes and the Defendants' predecessors, Ms. Evins filed a Motion to Compel Mr. Wagoner to release those files on August 28, 2013.

20. As a result of the Motion to Compel, the court entered an order on September 19, 2013, during a three-day trial.  The court found that "client files and reports of experts are necessary for the efficient and expedient administration of justice in this matter."  The court ordered Mr. Wagoner to provide Ms. Haynes with her client file or to appear before the Court to show cause.

21. In the September 19, 2013 order, the court in the divorce proceedings noted the fear and concern of Ms. Haynes's counsel regarding her not having the files at trial and the detrimental effect it would have to the administration of justice.

22. Despite the entry of the Court Order on September 19, 2013, directing the release of the file, the Defendants have continuously refused to release said file and continue to release said file up and through the date of the filing of this Complaint. Specifically, Plaintiff sent a courier to the offices of Defendants to retrieve the file, but the Defendants refused to provide the Plaintiff's client file to her.

4

23. The divorce trial concluded on September 20, 2013, and Plaintiff submits that the negligent act of failing to provide Plaintiff her client file prior to the conclusion of the trial resulted in injury to the Plaintiff and constitutes a breach of fiduciary duty and care by the Defendant. Specifically, Plaintiff submits that as a direct and proximate cause of the Defendants' purposeful withholding of the Plaintiff's file on September 20, 2013, the Plaintiff was caused close the proof she had to offer at her divorce trial without the benefit of having the client file that she had amassed over five (5) years. As a result of Plaintiff having to close the proof on September 20, 2016, the negligent act of withholding Plaintiff's file by Defendants began to occur and accrue on September 20, 2013. Since September 20, 2013, Defendants have continued to engage in the negligent and the purposeful withholding of Plaintiff's file, resulting continuous and ongoing injury to Plaintiff.

24. There have been post-trial proceedings in which the information contained in the files retained by Defendants have been necessary and repeated requests have been made for Defendants to release the file, and due to Plaintiff not having said information, Plaintiff has continued to suffer financially.

25. Plaintiff avers that she was unable to properly defend herself or prove her allegations at trial with sufficient and complete evidence because Mr. Wagoner deprived her and her attorney of her file at the trial in her divorce proceedings.

26. Because Mr. Wagoner deprived Plaintiff of her file at trial, the court made findings of facts based on incomplete information and/or false information from her ex-husband.

5

## LIABILITY

### I.  Defendants are in breach of their fiduciary duty to Plaintiff

27. The Plaintiff re-alleges and incorporates all of the allegations in the complaint as if fully set forth therein.

28. At all times pertinent, Defendant was bound by the Arkansas Rules of Professional Conduct as an agent of the Court. As such, Defendants owed to Plaintiff a fiduciary duty to protect Plaintiff's interest.

29. Plaintiff avers that Defendant, given his representation of Plaintiff, knew of a fiduciary duty to Plaintiff and is in breach of that duty by and through his conversion and/or withholding of Plaintiff's client file.

30. Plaintiff further avers that Defendant is in breach of his fiduciary duty by failing to protect Plaintiff's interest, as required by the Arkansas Rules of Professional Conduct, by and through his refusal to return Plaintiff's client file.

31. As a direct and proximate result of the Defendants' breach of fiduciary duty, Plaintiff has suffered damages.

32. Plaintiff would state unto the court that the actions of Jack Wagoner and Wagoner Law Firm, P.A. individually, concurrently, and/or jointly proximately caused and/or proximately contributed to the injuries suffered by the Plaintiff, and they are therefore liable to Plaintiff for all damages arising therefrom.

### II.  Professional Negligence and Malpractice of Defendants Jack Wagoner and Wagoner Law Firm, P.A.

33. The Plaintiff re-alleges and incorporates all of the allegations in the complaint as if fully set forth herein.

34. On Feb 4, 2013, Plaintiff terminated the representation of Defendants.

35. Plaintiff then unsuccessfully attempted to procure her client files from Defendants. Defendants refused to relinquish Plaintiff's client file. Plaintiff would show that she is the rightful owner of the contents of her client file.

36. Defendants, Jack Wagoner and Wagoner Law Firm, P.A., owed the Plaintiff a professional duty of care.

37. Defendants breached that duty of care in failing to release Plaintiff's file to her upon termination of the representation of her as required by Arkansas law and the Arkansas Rules of Professional Conduct. Defendants deviated from the minimum acceptable standard of professional care in the profession as duly licensed and practicing attorneys.

38. Defendants, as attorneys and officers of the Court, had a duty to release Plaintiff's file upon termination of representation required by Arkansas law and the Arkansas Rules of Professional Conduct but failed to do so.

39. As a direct and proximate result of the Defendants' breach of duty, Plaintiff suffered damages.

40. Plaintiff submits to this Honorable Court that the actions of Defendants individually, concurrently, and/or jointly proximately caused and/or proximately contributed to the injury suffered by the Plaintiff and is therefore liable to him for all damages arising therefrom.

**III. Conversion by the Defendants**

41. The Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if fully set forth herein.

42. As alleged herein, Plaintiff avers that Defendants withheld Plaintiff's client file which had compiled by Ms. Haynes and the Defendants' predecessors and in doing so deviated

7

from the standard of care of an attorney licensed to practice law in Arkansas.

43. Plaintiff avers that the legal file in the possession of the Defendants is rightfully hers and that it is her property.

44. As a result thereof, each of the Defendants intentionally exercised domain and control over the property of the Plaintiff in defiance of the Plaintiff's rights.

**IV. Injuries and Damages**

45. As a direct and proximate result of the negligence; legal malpractice; breach of duty to the Plaintiff by the Defendants herein; fraud; conversion of property; and/or the intentional acts of all of the Defendants, the Plaintiff suffered damages.

**V. Punitive Damages**

46. The Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if fully set forth herein.

47. The Defendants knew or should have known that their conduct, in light of the surrounding circumstances, would result in Plaintiff suffering injury and damages. Furthermore, Defendants knowingly continued the conduct with malice or reckless disregard of the consequences as pursuant to Arkansas Code Annotated §16-55-206.

48. Defendants' intentionally or in a reckless and grossly negligent manner failed to properly represent their client, act for her best interest, and converted Plaintiff's property knowing that it would cause Plaintiff injury and/or damages.

49. Defendants' actions and omissions were intentional, fraudulent, and reckless in light of the surrounding circumstances, thereby warranting punitive damages.

50. Plaintiff submits to this Honorable Court that at the time of the injury, the Defendants intentionally pursued a course of conduct for the purpose of causing injury and/or

8

damage, thereby warranting punitive damage as pursuant to Arkansas Code Annotated § 16-55-208.

## VI. Request for Trial by Jury

51. The Plaintiff re-alleges and incorporates all of the allegations in the Complaint is fully set forth herein.

52. Plaintiff demands a trial by jury on all issues herein set forth

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Victoria L. Haynes, respectfully requests the following relief against the Defendants Jack Wagoner and Wagoner Law Firm, P.A.:

A. That process issue and be served upon the Defendants, Jack Wagoner and Wagoner Law Firm, P.A., and that they be required to answer in a timely manner or have the allegations herein be deemed admitted or a default judgment entered.

B. An award for compensatory damages for Plaintiff's injuries and damages in a fair and reasonable amount to be determined by the jury, and in an amount no less than one million dollars ($1,000,000.00), exclusive of interests and costs.

C. For all general and specific damages caused by the alleged conduct of all Defendants.

D. For punitive damages sufficient to punish all Defendants for their egregious conduct and to deter all Defendants from ever repeating such atrocities.

E. That a jury be empaneled to try this case.

F. That the Plaintiff reserve the right to amend this pleading based upon the course of discovery of this case.

G. That the Plaintiff be awarded all pre-judgment interest and post judgment interest on all verdicts or recoveries and discretionary/non-discretionary costs.

H. An award of all discretionary costs, court costs, and to the extent allowable under applicable law, attorney's fees.

I. Such other and further relief, both general and specific, as shall be deemed reasonable and necessary and is entitled by Arkansas Law.

J. That she have such further or general relief as the facts and circumstances of this case may warrant.

Respectfully submitted:

APPERSON CRUMP, PLC

_____
Bruce M. Smith, TN BAR #8513
APPERSON CRUMP, PLC
*Attorneys for Plaintiff*
6070 Poplar Avenue, Suite 600
Memphis, TN 38119
(901) 756-6300