IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

VICTORIA L. HAYNES                                                                  PLAINTIFF

v.                          CASE NO. 3:16-CV-00252 BSM

JACK WAGONER, III and
WAGONER LAW FIRM, P.A.                                                       DEFENDANTS

## ORDER

The motion to dismiss the amended complaint [Doc. No. 20] filed by defendants Jack Wagoner and the Wagoner Law Firm is granted because the statute of limitations bars plaintiff Victoria Haynes's claims. The motion to dismiss the original complaint [Doc. No. 8] and the motion to continue and for a change of venue [Doc. No. 33] are also denied as moot.

## I. BACKGROUND

In December 26, 2007, Victoria Haynes filed for divorce from her husband, Benton Ned Bass in the Circuit Court of Garland County, Arkansas, Case Number 26DR-07-1156. On December 30, 2011, she retained Jack Wagoner of the Wagoner Law Firm to represent her in the ongoing divorce proceedings. Haynes conveyed to Wagoner possession of her legal files, which she spent a great deal of money amassing through the work of her previous lawyers from December 2007 to December 2011. Haynes fired Wagoner on February 4, 2013. After requesting Wagoner to surrender her client file several times via email and telephone, Haynes filed a *pro se* motion to compel her files in divorce court on May 28,

2013.

Wagoner refused to return Haynes's files to her, and he formally withdrew as her lawyer on July 16, 2013.  He filed a notice of attorney lien on the files on July 23, 2013.  On August 28, 2013, Janie Evans, Haynes's new lawyer, filed another motion to compel Wagoner to surrender the files.  The state court responded by ordering Wagoner to produce the files to Haynes or to show cause why he should not on September 19, 2013.  Haynes sent a courier to Wagoner's office, but Wagoner still refused to surrender the files.

The divorce trial concluded the next day, September 20, 2013, with a judgment unfavorable to Haynes.  Haynes asserts the harmful judgment in her divorce case was caused by Wagoner's refusal to return her files and her resulting inability to prove certain allegations at trial.  Haynes also asserts that she continues to be harmed by not having the files during certain post-trial proceedings.  Judge Rogers sent a letter to Wagoner and Haynes a few days later, on September 23, 2013, explaining that, because the trial was over, releasing the files might no longer be necessary and that he would "leave it up to [Haynes's lawyer] as to whether a hearing [on the matter was] still needed."  *See* Doc. No. 17-1 at 12.

Almost two years later, on July 30, 2015, Haynes moved to renew the motion to compel in state court, and a hearing was held on January 15, 2016.  The hearing did not resolve the issue of the client files, and no formal order has been entered disposing of the matter in the course of the divorce proceedings.

Haynes brought this claim against Wagoner on September 20, 2016, for legal malpractice, for breach of his duty of care and of his fiduciary duty, for conversion, and for

a declaration that she is entitled to the client files.

Wagoner moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). He asserts Haynes's claims are barred by the three-year statute of limitations and that this court lacks subject matter jurisdiction over her claim for declaratory relief due to the *Rooker-Feldman* doctrine.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations in the complaint are accepted as true, and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When deciding a motion to dismiss, only the complaint, the materials necessarily embraced by the pleadings, and matters of public record are properly considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

## III. DISCUSSION

A three-year statute of limitations applies in legal malpractice cases in Arkansas. Ark. Code Ann. § 16-56-105; *Parkerson v. Lincoln*, 61 S.W.3d 146, 148 (Ark. 2001). Arkansas has adhered strictly to the "occurrence rule" since 1877 with the justifications of promoting uniformity and preventing lawyers from having to defend stale claims. *Rice v. Ragsdale*, 292 S.W.3d 856, 861 (Ark. App. 2009); *Ragar v. Brown*, 964 S.W.2d 372, 375 (Ark. 1998); *El Dorado Chem. Co. v. L&L Indus. Servs., Inc.*, No. 15CV1034, 2016 WL 756490, at *3 (W.D.

Ark. Feb. 25, 2016), *appeal dismissed* (Sept. 2, 2016). Accordingly, the limitations period begins to run when the negligent or wrongful act occurs, not when it is discovered and not when damages are sustained. *Stroud v. Ryan*, 763 S.W.2d 76, 77 (Ark. 1989); *Ragsdale*, 292 S.W.3d at 860 ("Absent concealment, the statute of limitations begins to run upon the occurrence of the wrong."). "Although . . . common sense says that one cannot have a cause of action until one has actually suffered a loss or damages arising out of the negligent act, this is precisely the argument that [the Supreme Court of Arkansas] has rejected over and over again." *Moix McNutt v. Brown*, 74 S.W.3d 612, 614 (Ark. 2002) (internal quotations omitted). Thus, Haynes's assertion that Arkansas abides the damages rule is simply incorrect. *Ragsdale*, 292 S.W.3d at 861 (listing numerous cases in which the Supreme Court of Arkansas has refused to adopt an alternative to the traditional "occurrence rule").

Consequently, the issue is the date the wrongful act occurred. Haynes requested the files multiple times before filing her first motion to compel, s*ee* Amended Complaint ¶ 17, Doc. No. 16, and Wagoner made it known he had no intention of returning the files to Haynes no later than July 23, 2013, when he formally asserted his belief that he rightfully possessed the files by filing an attorney's lien on the property. Thus, the three-year statute of limitations expired no later than July 23, 2016, meaning Haynes's federal action, filed on September 20, 2016 is barred.

Because Arkansas has rejected the continuing-tort theory, Wagoner's ongoing refusal to return the files cannot function as more recent dates from which to begin the limitations period as Haynes argues. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 935 S.W.2d 258, 264

(Ark. 1996) (stating in the context of medical malpractice that the court has "specifically rejected the continuing-tort theory of tolling the statute of limitations as inconsistent with the General Assembly's intent in stating that limitations begin to run at "the date of the wrongful act complained of and no other time"); *see also Ragar*, 964 S.W.2d at 376 (explaining that "the Arkansas Medical Malpractice Act follows the occurrence rule and essentially mirrors the application for legal malpractice actions).  The exception to Arkansas's rejection of the continuing-tort theory is the continuous-treatment doctrine, which it only "becomes relevant when . . . medical negligence consists of a series of negligent acts, or a continuing course of improper treatment" and which was "not designed to extend the statute of limitations period in cases where only a single, isolated act of malpractice or negligence is alleged." *Pastchol v. St. Paul Fire & Marine Ins. Co.*, 929 S.W.2d 713, 715–16 (Ark. 1996).

      Haynes is correct in that this is not a typical case of attorney negligence in which strict adherence to the traditional rule is needed to protect a lawyer from defending stale claims because Wagoner's refusal is intentional and has been ongoing for years and he apparently still has the client files in his possession.  Nonetheless, adhering strictly to the traditional occurrence rule is necessary to promote and maintain uniformity.

      Further, the statute of limitations is not tolled because the state court never provided an unequivocal state judgment in Haynes's favor.  *See Ragar*, 964 S.W.2d at 375.  On September 19, 2013, Wagoner was ordered to produce the files or "show cause as to why the files of [Haynes] should not be released."  Thus, the order's plain language expressly recognized the possibility that Wagoner was legally entitled to possession.  Even if one could

argue that the statute was tolled for a time when the state court ordered Wagoner to produce the files or show cause, the tolling would have ceased a mere four days later on September 23, 2013, when the judge sent a letter to all parties explaining that he no longer considered ordering production of the files to be necessary. A tolling of four days is not enough to save Haynes's claim from the statute of limitations.

Haynes also made nominal assertions that Wagoner is liable for conversion and is in breach of contract. This, however, does not change the outcome because the statute of limitations for conversion is also three years from when the act of conversion occurred. Ark. Code Ann. § 16-56-105(6); *Thomas v. Westbrook*, 177 S.W.2d 931, 932 (1944). Further, Haynes did not include sufficient detail in her complaint showing entitlement for breach of contract, nor did she brief the issue. *See* Amended Complaint, Doc. No. 16.

## IV. CONCLUSION

For these reasons, Wagoner's motion to dismiss [Doc. No. 20] the amended complaint is granted, and the motion to dismiss [Doc. No. 8] the original complaint, motion to continue [Doc. No. 33], and motion to change venue [Doc. No. 33] are all denied as moot. Haynes's claims are dismissed with prejudice.

IT IS SO ORDERED this 17th day of March 2017.

_____
UNITED STATES DISTRICT JUDGE